JAMES H. SILVERS

*v.*

GREEN L. CHITWOOD,

and

THE SAME

*v.*

RUDOLPH S. HARLEY.

CONSTRUCTION *of a contract.* A and B entered into a contract, by the terms of which A was to break and fence eighty acres of land. For the breaking, B was to pay $3 per acre, and for the fencing, $6 per hundred rails, A doing the work and furnishing the materials. After specifying the details in regard to this part of the transaction, the contract provided that A should put in a crop of wheat in the fall of that year—1869—B furnishing the seed, and the proceeds of the crop to be equally divided. The contract then provided as follows: "The said A further agrees, that he will thoroughly prepare the ground of the said eighty acres, and sow the same in wheat, in the fall of the year 1870, upon the same terms and conditions as aforementioned for the year 1869 :" *Held,* A was not entitled to $3 per acre for preparing the land for wheat in the fall of 1870, but was to prepare the ground and sow the wheat on the same terms as specified for the preceding year, that is, an equal division of the crop.

APPEAL from the Circuit Court of Marion county; the Hon. S. L. BRYAN, Judge, presiding.

The contract upon which this suit was brought, was as follows :

Agreement between G. L. Chitwood, of Marion county, Illinois, and J. H. Silvers, of Cincinnati, Ohio, agent for the heirs of Edwin D. Dodd, deceased, witnesseth, and whereas, the said heirs are owners, and the said Silvers is agent for the following described subdivisions of section eleven, (11,) township two (2) north, range one (1) east, of third principal meridian, viz : Southwest quarter of northeast quarter, containing forty acres, more or less ; also, the northwest quarter of the southeast quarter, containing forty acres, more or less, containing in all eighty acres, more or less. The said G. L. Chitwood agrees, that he will furnish good, sound, new rails, made of the best timber to be procured in said locality, necessary for fencing the above described eighty acres, and he further agrees that he will lay said fence with a four foot worm, six rails high, staked and double ridered, making eight rails and two stakes to each single panel all around said eighty acres, except where said eighty acres joins and is on the line with other property already under fence, and that portion of the line adjoining the southwest quarter of the northeast quarter, containing forty acres, and he agrees to lay the worm of said fence on chunks, to be properly placed under each single panel.

He also agrees to properly set said stakes in holes not less than eight inches deep, and to completely fill up all the holes around said stakes, and that he will lay up said fence in a straight line, and the centre of said fence shall be on the line of said eighty acres, (as per survey of the county surveyor,) in the middle of said fence row. He also agrees, that said fence shall be laid up, including chunks, stakes, and ridering, completed, and done in the best husband-like manner. Said Chitwood agrees that he will furnish the rails, stakes, riders, and chunks, and that he will lay the worm, put chunks under said fence, and lay it up in the manner aforesaid for six dollars

($6) for each and every one hundred (100) rails, stakes and riders, contained therein, as herein specified. Said Chitwood further agrees that he will, in a good husband-like manner, completely break up said eighty acres in time to prepare the same to be sown in wheat in the fall of the year 1869, in.consideration of the sum of $3 per acre to be paid him for said breaking.

Said J. H. Silvers, agent, agrees to furnish the seed wheat, and the said Chitwood agrees to thoroughly prepare the ground, and sow the said eighty acres with the said seed, for which the said Chitwood shall be entitled to one half the products of the said crop, to be equally divided in the half bushel, between the said J. H. Silvers, agent, and the said Chitwood, when threshed, which the said Chitwood agrees to do at the earliest practicable period, after the wheat has been harvested, of which he agrees to give the said Silvers due notice. The said Chitwood further agrees that he will thoroughly prepare the ground of the said eighty acres, and sow the same in wheat, in the fall of the year 1870, upon the same terms and conditions as aforementioned for the year 1869; and at the same time he sows the said eighty acres in wheat, in the fall of 1870, he also agrees to seed the same in timothy grass, in a proper and husband-like manner, on condition that the said J. H. Silvers, agent, furnish the seed therefor. The said J. H. Silvers, agent, agrees to pay the said Chitwood the sum of six dollars ($6) per hundred for the rails, stakes and riders, laid in the fence, as herein specified, and this amount is to include the entire cost to be paid by the said Silvers, agent, for fencing the said eighty acres.

The said J. H. Silvers, agent, also agrees to pay to the said Chitwood the sum of three dollars ($3) per acre for breaking the said eighty acres, as herein specified, on the 1st day of January, 1870. The said Chitwood agrees that he will treat said land, while he is in possession of the same, or occupying it (on the conditions expressed) in a good husband-like manner, and that during said period, he will keep said fences in as good

repair as when he first completed the same, ordinary wear and tear excepted, and that he will use proper care to protect them against fire, and that he will put no crop thereon but a wheat and grass crop, as herein specified, and use it for no other purpose, and further, that he will yield up possession of the same, in the year 1871, as soon as the wheat crop is harvested and can be taken off, with the fences in as good order as when first completed, ordinary wear and tear excepted. The said Chitwood agrees to allow the said J. H. Silvers, agent, $5 per hundred for all rails, stakes or riders, furnished by him, properly distributed on the north line of said eighty acres, commencing at the northwest corner, and continuing eastward on the said eighty acres, previous to the first day of August, 1869, such number of rails, stakes and riders, so furnished by the said J. H. Silvers, agent, to be deducted at the rate of $5 per hundred, from the amount of the said Chitwood's bill for fencing, at the rate of $6 per hundred, as herein specified.

> J. H. SILVERS, Agent, [L. S.]
>
> GREEN L. CHITWOOD, [L. S.]

ODIN, Marion Co. Ill., Feb. 17, A. D. 1869.

Chitwood sought to recover $3 per acre for preparing the land for wheat in the fall of 1870, and the question is presented, whether that claim is sustained by a proper construction of the contract.

A trial resulted in a judgment against Silvers, from which he appealed.

Mr. WILLIAM WALKER and Mr. B. B. SMITH, for the appellant.

Mr. H. C. GOODNOW and Mr. W. W. WILLARD, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Chitwood against Silvers, upon a contract made between them, on the 17th day of February, 1869. By the terms of the contract, Chitwood was to

break and fence eighty acres of land. For the breaking, Silvers was to pay $3 per acre, and for the fencing, $6 per hundred rails, Chitwood doing the work and furnishing the materials. After specifying the details in regard to this part of the transaction, the contract provides that Chitwood shall put in a crop of wheat in the fall of 1869, Silvers furnishing the seed, and that the proceeds of the crop shall be equally divided. The contract then provides as follows :

"The said Chitwood further agrees, that he will thoroughly prepare the ground of the said eighty acres, and sow the same in wheat, in the fall of the year 1870, upon the same terms and conditions as aforementioned for the year 1869; and at the same time he sows the said 80 acres in wheat, in the fall of 1870, he also agrees to seed the same in timothy grass, in a proper and husband-like manner, on condition that the said J. H. Silvers, agent, furnish the seed therefor."

The question presented by the record is, whether Chitwood is entitled to recover $3 per acre, by virtue of this last clause, for preparing the land for wheat in the fall of 1870. We think it clear, he is not. The proper construction of the contract is, that Chitwood was to raise a crop in 1870, on the same terms upon which he raised one in 1869. That was an equal division of the crop, the landlord furnishing the seed—a very common arrangement between landlord and tenant. The $3 per acre paid in 1869, for breaking up the land, was like the $6 per. hundred rails for fencing, a part of the contract entirely distinct from that in regard to the raising of a crop. It is very unreasonable to suppose the parties intended this $3 per acre should be paid the second year for merely plowing the land for a crop.

The judgment is reversed and the cause remanded.

*Judgment reversed.*